T.C. Memo. 2002-208

UNITED STATES TAX COURT

THEODORE A. PRIDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10273-01L.               Filed August 16, 2002.

Theodore A. Pride, pro se.

<u>Russell K. Stewart</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent sent to petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 after conducting a hearing under section 6330.  The
hearing was conducted at petitioner's request in response to a
Notice of Federal Tax Lien Filing and Your Right to a Hearing
Under I.R.C. 6320 for 1980, 1981, and 1982.  Petitioner contends

that the Internal Revenue Service (IRS) collected moneys from third parties who had assets belonging to his professional corporation and that excess collections were or should have been applied to his personal tax liabilities. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Philadelphia, Pennsylvania, at the time that he filed his petition.

On or about November 7, 1989, petitioner stipulated to a decision in this Court for his taxable years 1978 through 1983 as follows:

> ORDERED and DECIDED: That there are deficiencies in income tax due from the petitioner for the taxable years 1978, 1979, 1980, 1981 and 1982 in the amounts of $978.00, $535.00, $6,323.00, $4,775.00 and $4,592.00, respectively;

The decision also provided that there was an addition to tax due from petitioner for 1981 under section 6651(a)(1) in the amount of $1,411. As of the time that the notice of lien involved in this case was filed, the deficiencies for 1978 and 1979 had been paid. The balances due from petitioner for 1980, 1981, and 1982 were $15,853.85, $14,267.46, and $9,422.95, respectively.

Petitioner operated a dental practice as a professional corporation. From 1983 through 1995, the corporation was liable for Federal employment taxes and corporate income taxes. Petitioner filed returns for the corporation, but he did not pay the tax liabilities. After the taxes were assessed, approximately $275,000 was collected by levy upon assets of the corporation in the possession of third parties.

Petitioner's corporation filed a refund suit in the U.S. District Court for the Eastern District of Pennsylvania, docket No. 97-0762, contending that the excess of the moneys collected by levies on corporate assets should have been applied to his personal income tax liabilities or should be refunded. The District Court appointed a certified public accountant as a "Special Master" to meet with the accountants for both parties in an attempt to determine the correct amounts of assessment of interest and penalties and payments with respect to the corporation's tax liabilities. In a Memorandum Opinion and Order filed January 18, 2001, the District Court concluded that only $331.50 was available to have been applied to petitioner's personal income tax liabilities. The District Court concluded that the IRS properly accounted for all payments made by the third parties, applying the payments first to the oldest liabilities of the corporation, and that penalties and interest had appropriately accrued on the balances remaining.

At his hearing before the Appeals officer, petitioner was presented with literal transcripts of his tax accounts for the years in issue. Petitioner argued that he had paid the liability, but the Appeals officer concluded that there was no record of any payments that were not reflected on the account.

## Discussion

In support of his argument, petitioner presented lists of checks issued by Blue Shield that purportedly represent payments applied to his tax liabilities for 1978, 1979, 1986, 1987, and 1991. Because the checks totaled more than the amount that he believes was owing for 1979, petitioner argues that the excess should have been applied to his account for the years in issue. There is no evidence authenticating the lists of checks.

Petitioner represents that the same lists of checks were presented in the District Court litigation. The District Court concluded that no excess of payments on petitioner's corporation's liabilities remained for application to petitioner's personal income tax liabilities, with the exception of $331.50. Whether that amount was applied to the years in issue or to the earlier years is not clear from the record. In any event, the records presented by petitioner do not show any balances that should have been and were not applied to the years in issue.

At trial, petitioner also questioned why a prior lien against his property filed in December 1990 was released against his deceased spouse on August 30, 1999. Although this issue had not been raised at the hearing before the Appeals officer, respondent subsequently provided petitioner with transcripts of the liability of his deceased spouse, reflecting assessments of the same amounts of liabilities for 1978 through 1982 as had been determined against petitioner and unpaid balances for 1980 through 1982 in the same amounts as those involved in this proceeding. There is no indication that the lien was released as a result of payments made by petitioner's spouse.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.